People v Goris (2018 NY Slip Op 02000)





People v Goris


2018 NY Slip Op 02000


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Tom, J.P., Webber, Oing, Moulton, JJ.


6056 4695/14

[*1]The People of the State of New York, Respondent,
v
Allen Goris, Defendant-Appellant.


The Demarco Law Firm, PLLC, Forest Hills (Enrico Demarco of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alan Gadlin of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered September 15, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of four years, unanimously affirmed.
The court properly denied defendant's suppression motion. Under the particular circumstances present, the police were justified in conducting a limited protective sweep of defendant's apartment following his arrest on the ground floor of the building (see Maryland v Buie , 494 US 325 [1990]; People v Febus , 157 AD2d 380 [1st Dept 1990], appeal dismissed 77 NY2d 835 [1991]). The police saw defendant selling pills to another person just inside the building's entrance, and they previously observed numerous people being "buzzed in" to the building and then emerging seconds later. Accordingly, the officers reasonably suspected that defendant was selling drugs out of his apartment. Having gone to the apartment at defendant's direction, after he was arrested, so that defendant's girlfriend could provide them with defendant's identification, the officers were reasonably concerned that the girlfriend, who knew of defendant's arrest, might destroy or dispose of evidence, and pose a danger to their safety. Therefore, they were entitled to enter the apartment to monitor her movements as she retrieved the identification. In doing so, the officers saw contraband in plain view, and then secured the apartment and obtained a warrant.
We have considered and rejected defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK